IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAZMYN HASAN,

    Plaintiff,

v.                                         CIVIL ACTION NO. 2:23-cv-530

SENTARA HOSPITALS d/b/a
SENTARA LEIGH HOSPITAL,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Sentara Hospitals d/b/a Sentara Leigh Hospital's ("Sentara") Motion to Enforce Settlement and Memorandum in Support. ECF No. 18 ("Def. Mot."); ECF No. 19 ("Mem. Supp."). Plaintiff Jazmyn Hasan ("Hasan") responded. ECF No. 29 ("Resp. Opp'n"). Sentara replied. ECF No. 31. On January 30, 2025, the Court held a hearing on this matter. For the reasons stated herein, Sentara's Motion to Enforce Settlement is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 23, 2023, Hasan filed a Complaint against Sentara. ECF No. 1 ("Compl."). Hasan was represented by Attorney Todd Gaynor. *See* ECF No. 1. ("Attorney Gaynor"). Sentara is represented by Attorney David Kushner. *See* ECF No. 6. ("Attorney Kushner"). Hasan is a former Sentara employee. Compl. ¶ 4. Count I of Hasan's Complaint alleged that Sentara Failed to Accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). *Id.* at 5. Count II alleged Wrongful Termination, in violation of the ADA. *Id.* at 6. Count III alleged Unlawful Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). *Id.*

On February 19, 2024, Sentara filed a Motion to Dismiss for Failure to State a Claim. ECF

1

No. 9. On June 17, 2024, the Court granted Sentara's Motion as to Count I, dismissed Count II as moot, and denied the Motion as to Count III. ECF No. 14.

On October 29, 2024, Sentara filed the instant Motion to Enforce Settlement and Memorandum in Support. ECF Nos. 18, 19. According to Sentara, Hasan and Sentara began settlement negotiations on the remaining Count. Mem. Supp. at 1. Counsel for both parties engaged in several conversations via telephone and email. *Id.* Sentara alleges that on October 7, 2024, Attorney Gaynor informed Attorney Kushner that Hasan authorized Attorney Gaynor to make a "true, final offer" to settle the case. *Id.* Counsel for both parties had a phone call to discuss the standard settlement terms that would apply if the case settled. *Id.* at 1–2.

After the phone call, Attorney Kushner emailed Attorney Gaynor the following:

> [Attorney Gaynor] we have a deal at [dollar amount]. We will follow up with a settlement agreement in the near future. It will have the [dollar amount] payment in exchange for standard settlement terms, such as confidentiality, full release, dismissal, representation regarding no assignment, employee non-disparagement, and no-reapply provisions.

*Id.* at 2; *Id.* Ex. 1. Attorney Gaynor replied asking "[s]hould we file a notice of settlement with the court? Can you send a settlement agreement." *Id.* Ex. 2. The parties communicated further about attorneys' fees, and Attorney Kushner noted that he would follow up with the final agreement after Sentara finalized its review of the agreement. *Id.* at 3; *Id.* Ex. 3.

The parties planned to file a Notice of Settlement with the Court, but on October 17, 2024, Attorney Gaynor notified Attorney Kushner that Hasan wanted to revoke her agreement to the settlement. *Id.* at 3. On October 30, 2024, Attorney Gaynor filed a Motion to Withdraw as Attorney. ECF No. 20. On November 4, 2024, the Court held a telephone conference and granted Attorney Gaynor's Motion to Withdraw as Attorney. ECF No. 24. Thus, Attorney Gaynor was terminated after the parties negotiated the final Settlement Agreement. On November 7, 2024, the

2

Court held another telephone conference with Hasan, Attorney Gaynor, and Attorney Kushner. *See* Docket Sheet. Based on this conversation, on November 15, 2024, the Court entered an Order directing Hasan to notify the Court whether she obtained new counsel within thirty days. ECF No. 27. The same day, the Court entered Notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) in case Hasan did not obtain new counsel. ECF No. 28. Hasan did not obtain new counsel. *See* Docket Sheet. On January 30, 2025, the Court held a hearing on the instant Motion. ECF No. 39.

## II. LEGAL STANDARD

District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541–42 (4th Cir. 2002) (citation omitted). To exercise this power, a district court must find that a complete settlement had been reached and be able to determine the terms and conditions of that settlement. *Id.*; *Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991). When considering a motion to enforce a settlement agreement, general principles of contract law govern a court's inquiry. *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 380 (4th Cir. 2004). The agreement does not have to be in writing to be enforceable. *Alexander v. Industries of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1990).

If there is a factual dispute over the existence of an agreement or the agreement's terms, or an attorney's authority to enter into the agreement, the court must hold a plenary evidentiary hearing to resolve the dispute and make findings on the issues in dispute. *Hensley*, 277 F.3d at 541–42 (citations omitted). The party seeking to enforce the settlement agreement has the burden of proving the existence and the terms of the agreement. *Bralley v. Carey*, No. 3:10–CV–138, 2010 U.S. Dist. LEXIS 120164, at *5, 2010 WL 4668936 (E.D.Va. Nov. 12, 2010). After the hearing, if the court finds either that no settlement agreement was reached or the parties failed to agree "on

all the material terms," then it must deny the motion to enforce and afford the plaintiff the opportunity to reopen and "proceed with his case on the merits." *Brunelle v. Norfolk S. Ry. Co.*, No. 2:18CV290, 2019 WL 5777752, at *5 (E.D. Va. Oct. 18, 2019), *report and recommendation adopted*, No. 2:18CV290, 2019 WL 5748450 (E.D. Va. Nov. 5, 2019).

### III. DISCUSSION

For the following reasons, the Court concludes that (A) there is evidence of a complete Settlement Agreement, (B) the Settlement Agreement contains the material terms which are sufficiently definite, and (C) Attorney Gaynor had authority to enter into the Settlement Agreement on her behalf. The Court will address each issue in turn.

### A. Complete Settlement Agreement

The Court first determines whether the parties reached a complete Settlement Agreement by applying standard contract principles under Virginia law. *Power Servs., Inc. v. MCI Constructors, Inc.*, 2 F. App'x 190, 192 (4th Cir. 2001). Under Virginia law, the essential elements of a contract require an offer, acceptance, and consideration. *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 346 (1980). (citation omitted). Thus, to determine whether a settlement agreement was reached, "the Court looks to the objectively manifested intentions of the parties."[1] *Moore v. Beaufort Cnty., N.C.*, 936 F.2d at 162 (4th Cir.1991) (citations omitted).

Here, Hasan objectively manifested her intent to be bound by the terms of the Settlement Agreement. As discussed further below, Hasan communicated with Attorney Gaynor that she was "at peace and ready to sign" the Settlement Agreement. Hearing Tr. at 24. Attorney Kushner

---

[1] Under Virginia law, both binding oral and written contracts exists "where the parties' intention to be bound is objectively manifested even though a subsequent formal agreement is contemplated." *Golding v. Floyd*, 261 Va. 190, 194 (Va.2001)(*citing Agostini v. Consolvo*, 154 Va. 203, 212, 153 S.E. 676 (Va.1930) and finding that "[w]here the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed.").

4

communicated with Attorney Gaynor stating that they "ha[d] a deal" at a certain dollar amount and would follow up with the Settlement Agreement. Mem. Supp. at 2; *Id.* Ex. 1; Hearing Tr. at 5. Attorney Gaynor replied asking if the parties should file a Settlement Agreement with the Court. *Id.* Ex. 2. The Court concludes that these are objective manifestations of the parties' intent to be bound by the terms of the Settlement Agreement. Accordingly, the parties reached a complete Settlement Agreement.

### B. Terms of Settlement Agreement

Having determined that the parties reached a complete Settlement Agreement, the Court next turns to the terms of the Settlement Agreement. If the Court finds that a settlement was reached, it may enforce the settlement if it "is able to determine the terms and conditions of the settlement." *Hensley*, 277 F.3d at 542.

There is no dispute regarding any material term of the Settlement Agreement. Attorney Kushner emailed Attorney Gaynor stating that Sentara would pay Hasan "in exchange for standard settlement terms such as confidentiality, full release, dismissal [of all claims], representation [] regarding no assignment, employee non-disparagement[,] and no reapply provisions." Hearing Tr. at 5. Hasan sent an emailing stating, "I, Jazmyn Hasan, agree to these terms provided." *Id.* at 6.

Hasan noted that she attempted to revoke her acceptance because of a Medicare provision she had concerns about. *Id.* at 37. The provision Hasan raises is no longer an issue. First, Attorney Kushner represented that this provision "was not one of the material terms [the parties] agreed to. *Id.* at 39. Attorney Kushner stated that when he became aware "that Ms. Hasan had an issue with" it, "[w]e took [the provision] out [] and the agreement we filed with the Court… does not have the [] provision in it." *Id.* Thus, the Court finds that the Settlement Agreement contains the material terms which are sufficiently definite for the Court to ascribe them an exact meaning.

## C. Attorney Gaynor's Authority to Settle this Matter

The Court will now consider whether Attorney Gaynor had the authority to settle this matter on her behalf. Sentara argues that Attorney Gaynor had actual authority, apparent authority, or both, to settle this case. Mem. Supp. at 4. Sentara argues that Hasan and Attorney Gaynor's oral discussions and emails prove that they reached a final agreement on the essential terms. *Id.* Sentara argues that because the parties reached a final agreement, it is binding, and the Court should enforce it. *Id.*

An attorney is their client's agent. *Herder v. Simms*, 281 F. App'x 187, 191 n.5 (4th Cir. 2008) (internal citation omitted). "[A]n agent can have actual authority, meaning explicit permission from the principal to act on its behalf." *World Fuel Servs. Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, 12 F. Supp. 3d 792, 802 (E.D. Va. 2014), *aff'd sub nom. World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507 (4th Cir. 2015) (internal citations omitted). An agent can also have apparent authority. Apparent authority is "the power held by an agent... to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." *Naimoli v. Pro-Football, Inc.*, 120 F.4th , 387 (4th Cir. 2024) (quoting Restatement (Third) of Agency § 2.03) (internal quotation marks omitted).

Generally, counsel of record has the apparent authority to settle a matter on behalf of their client. *Moore v. Beaumont Cnty., N.C.*, 936 F.2d at 163–64 (4th Cir. 1991) (citing *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984). The principal can limit this authority, and if the limitation is brought to the attention of the parties, the parties must respect that limitation. *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 298 (4th Cir. 2000).

While Attorney Gaynor was representing Hasan, Attorney Gaynor had actual authority to settle this matter on her behalf. Hasan mentioned, at least four times on the record, that she agreed to settle. Hasan asked Attorney Gaynor, "Do you feel that at the time I agreed on the 7th, do you feel like I was in a mentally stable place from your observation?" Hearing Tr. at 22. Hasan asked a witness a similar question, and the witness declined to answer because she is "not a medical professional. *Id.* at 33. She further noted that she "did agree" to what Attorney Gaynor told her. *Id.* at 23, 38.

At the hearing, Sentara presented an exhibit of communication between Hasan and Attorney Gaynor. Attorney Gaynor received a message from Hasan saying, "I'm at peace and ready to sign." *Id.* at 24. This is explicit permission from Hasan for Attorney Gaynor to act on her behalf. On October 7, 2024, Hasan emailed Attorney Gaynor and said "I, Jazmyn Hasan agree to the terms provided." *Id.* at 25. Therefore, Attorney Gaynor had actual authority to settle this matter.

Attorney Gaynor also had apparent authority to settle on her behalf. Attorney Kushner reasonably believed that Attorney Gaynor could act on her behalf, and that belief was traceable to Hasan's manifestations. Attorney Gaynor negotiated the settlement and communicated with opposing counsel throughout the case. These behaviors can be traced to her manifestations, including her statement that she was "at peace and ready to sign" the Settlement Agreement. Hearing Tr. at 24. Thus, Attorney Gaynor had apparent authority to settle on her behalf.

At the hearing, Hasan raised her mental state when she agreed to the Settlement Agreement. There is no indication that Hasan was incompetent to authorize Attorney Gaynor to settle. Indeed, Attorney Gaynor was aware of her mental health issues. *Id.* at 29. But, as he testified, he never doubted that Hasan was competent throughout the process. *Id.* at 29–30. "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a

7

later time upon the wisdom of the settlement do not constitute good cause for setting it aside." *Patel v. Barot*, 15 F. Supp. 3d 648, 652 (E.D. Va. 2014). Hasan was competent to authorize Attorney Gaynor to settle. Therefore, Attorney Gaynor had both actual and apparent authority to settle this matter on Hasan's behalf.

## IV. CONCLUSION

For the foregoing reasons, Sentara's Motion to Enforce Settlement is **GRANTED**. ECF No. 18. Hasan is **ORDERED** to execute and sign the Settlement Agreement within fourteen (14) days of the date of this Order. This matter is **DISMISSED** with prejudice. However, the Court retains jurisdiction to enforce the settlement.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 7, 2025

Raymond A. Jackson
United States District Judge